**JOHNSON, nee PERRYMAN, et al. v. ESTILL et al.**

No. 12728—Opinion Filed Jan. 29, 1924.

**Indians—Validity of Conveyance—Sufficiency of Evidence.**

Record examined, and held, that the judgment is supported by the evidence.

(Syllabus by Ray. C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Wallace Estill, Sr., et al. against Nellie Johnson et al. Judgment for plaintiffs, and defendants appeal. Affirmed.

J. B. Campbell, C. F. Chapman, and W. R. Banker, for plaintiffs is error.

E. C. Stanard and C. H. Ennis, for defendants in error.

Opinion by RAY, C. This action involves title to 120 acres of land, the surplus allotment of Tom Scott, a Creek freedman, who died intestate December 7, 1907. June 29, 1904, Tom Scott conveyed by warranty deed to U. S. Thompson, Wm. Thompson, and S. P. Baker for a consideration of $630 and they went into possession, open and notorious, and so continued until the 10th day of April, 1906, when they conveyed to Wallace Estill, Sr., who at that time went into possession, improved and put the land in a state of cultivation, and he and his heirs continued in possession, open, notorious, and adverse, until they commenced this action November 22, 1920, to quiet the title. Some of the plaintiffs in error, defendants below, claimed title as heirs of Tom Scott, and others as grantees under quitclaim deeds recently executed, and in their brief say:

"In the final analysis, the correctness of the judgment of the trial court depends solely upon the question of the age of Tom Scott on June 29, 1904. If Tom Scott was not on that date under the age of 21 years his conveyance then made to William Thompson. U. S. Thompson, and S. P. Baker was valid and conveyed the title to the lands in question. and plaintiffs in error have no case."

The trial court made this specific finding:

"That upon the day of the execution of this deed, to wit: on June 29, 1904, the allottee, Tom Scott, was of full and legal age."

Nellie Johnson, mother of Tom Scott, was the principal witness as to his age. She testified as to the dates of the birth of her nine children and fixed the birth of Tom Scott as September 22, 1884, which, if correct, would make him a minor at the time of the conveyance. On cross-examination she never made a mistake as to the birth of any one of them, but admitted that she had refreshed her memory by referring to a book, "Sunshine at Home," in which she had recorded the names and dates of births of seven of her children. That book was introduced in evidence and showed that seven of them, including that of Tom Scott, were recorded by the same person at the same time with the same blue ink. She said these entries were

copied from a certain piece of paper which she kept in her trunk and upon which after the birth of each child, she entered the name and date of birth, beginning with Christiana Scott, October 10, 1878, and continuing to Butcher Scott, November 19, 1889; that soon after the birth of Butcher she bought the book "Sunshine at Home" from an agent, and as soon as she was well enough transferred her record to one of the pages of that book. She had given the original paper to one of her children and it could not be accounted for. She did not know how long any of her children had been married, or the dates of their marriages, or the age or date of birth of any of their children. She appeared to be certain of nothing except as to the dates of the births of her nine children. From a careful reading of her testimony the conclusion is irresistible that she had memorized these dates for the occasion. In commenting on that evidence the trial court said:

"* * * Following the entry of Butcher Scott are entries which the witness says were made by her last husband and her then husband, J. H. Robinson, of the birth of the two Robinson children. On the top of this page appears the entry 'J. H. Robinson and Nellie Scott was married June 1, 1892.' These last mentioned entries appear in black ink and apparently are ancient writings. The entries of Butcher Scott up to Christiana are in a light green ink and to me appear to have been recently made."

In these conclusions of the trial court we concur. The trial court placed "no credence whatever in this purported ancient document," but thought that it was "manufactured." Attached to the deed of June 29, 1904, was the affidavit of Tom Scott that he was the grantor and over the age of 21 years and of pure African descent, and also the affidavit of his mother, made soon thereafter, that Tom Scott was of pure African descent.

In 1915, the mother, in consideration of $50, had deeded the land by quitclaim to the plaintiffs. She testified that Tom Scott was a large, powerful man, and other witnesses said that he had the appearance of being more than 21 years old at the time of the conveyance. Plaintiffs and their grantors, grantees of Tom Scott, had been in open and adverse and undisputed possession for 16 years in good faith believing that Tom Scott was more than 21 years old at the time of the conveyance. The evidence of Nellie Johnson and the book of "Sunshine at Home" are not strongly persuasive, and do not overcome the presumption created by the conveyance by Tom Scott and his affidavit

as to age and the long acquiescence of the heirs of Tom Scott.

The judgment should be affirmed.

By the Court: It is so ordered.